**E. I. DU PONT DE NEMOURS & COMPANY, Plaintiff,**

**v.**

**ACROLITE PRODUCTS, INC.,**
**Defendant.**

**Civ. No. 783–59.**

United States District Court
D. New Jersey.
Sept. 16, 1960.

Brogan & Wolff, Jersey City, N. J., Rogers, Hoge & Hills, William F. Weigel, New York City, of counsel, for plaintiff.

Howard P. King, New York City, for defendant.

MEANEY, District Judge.

The plaintiff herein has instituted suit for trademark infringement and unfair competition, and asks that defendant be enjoined from the use of the words Protex-A-Hand and Protect-A-Hand on its products, and from engaging in un-

fair competition with plaintiff by such use.

On October 4, 1932, the Mountain Varnish & Color Works, Inc. registered in the United States Patent Office the trademark Pro-Tek, No. 297,807. This trademark, so registered, and the business in which it was used, were acquired by plaintiff in 1934. The trademark is still a registered one, its life having been extended for twenty years on October 4, 1952. Since its acquisition the plaintiff has continuously used the trademark Pro-Tek on a hand cream product for protecting the skin from paint, varnish, grease, oils and acid. The product known as Pro-Tek, denominated by plaintiff as "The Invisible Glove", has had extensive distribution and nation-wide sale since 1935, and has been the subject of prominent and costly advertising over that period, the expenditure running to four or five hundred thousand dollars, with sales in the neighborhood of 17,000,000 packages. Advertising has been promoted largely by the media of newspapers, magazines, radio and television, and the name Pro-Tek with the accompanying description of "The Invisible Glove" has been stressed in the publicity. In addition, what are known as promotional pieces in the form of display cards, posters, window streamers and similar methods of announcement have been lavishly used, the name DuPont being stressed equally in all forms of advertising.

In the early part of 1959 defendant introduced to the public a protection for skin in the form of a foam cream, packaged in aerosol cans. Initially these cans were labeled Protex-A-Hand but after protest from plaintiff the label was altered to read, in its prominent lettering, Protect-A-Hand and in smaller print Invisible Protective Glove, with the trademark name Acrolite also in smaller print. The outstanding feature of the second label at first glance was the name Protect-A-Hand.

The products of both plaintiff and defendant are intended for the same purpose and are both creams. The method of prime application to the skin is different.

There are two questions involved: Primo, is the trademark a valid one? Secundo, does defendant's use of Protect-A-Hand, as the name of its product, resemble the trademark of plaintiff so as to be likely to cause confusion or mistake or to deceive purchasers? These will be taken up in inverse order.

In the course of the trial of this issue there was no testimony by any witness called by the plaintiff, of any observation of actual confusion on the part of purchasers of protecting creams, and the general trend of the evidence was that orders for Pro-Tek, without further designation, were usually accepted as meaning the DuPont material. No instance of confusion was adduced. Therefore, this court can rely only on its own judgment as to the likelihood of mistake or deception, absent such concrete evidence. While there is a phonetic similarity of the words Pro-Tek and the first word of the legend Protect-A-Hand, taken in their entirety the resemblance is not so compelling as to cause confusion even in the minds of the ignorant, the untutored and the unthinking. True there is a certain similitude in slipshod phonesis between Pro-Tek and Protect but the court is of the opinion that the consimilarity is not confusing, even having in mind Judge Bradley's pronouncement in Celluloid Mfg. Co. v. Cellonite Mfg. Co., 32 F. 94, 97 (an ancient case in New Jersey's then Federal Circuit Court), that "Similarity, not identity, is the usual recourse when one party seeks to benefit himself by the good name of another."

Furthermore, the use of the word Protect has consistently been recognized as a descriptive word, and whatever rights to the designation Pro-Tek were given by its registration, it could not be extended to prevent the use of the descriptive word Protect where that word does actually describe the purpose and effect of the product which uses the term on its label.

The label of defendant's material is no mere "cute" approach to the copyrighted term of the plaintiff. It is a straight-forward use of what this court believes to be a permissibly descriptive term.

As a sequela to the foregoing, it would appear that there is no unfair competition by the defendant in the use of the vocable Protect as part of the trade name of its shielding cream.

Other than what may be inferred from the findings of the court, one way or the other, there is no positive pronouncement necessary as to the registrability of the trademark Pro-Tek.

Judgment for the defendant.

The foregoing statements may be considered as findings of fact and conclusions of law.

Let an order be entered.